UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MERCIS B.V., <br><br> *Plaintiff*, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO <br><br> *Defendants.* | Case No. 24-cv-07613 <br><br> Hon. Judge Steven C. Seeger. <br><br> Magistrate Judge Keri L. Holleb Hotaling. |

## UNOPPOSED MOTION OF DEFENDANT YAMOBEE FOR EXTENSION OF TIME TO ANSWER

NOW COMES Defendant of Jin Zhumao (ID：A14CKJ7RBZXCBE) ("Defendant"), through its undersigned counsel, and respectfully request this Court extend the time to file an answer to the Complaint. In support, Defendant states follow:

1. Plaintiff filed its Complaint on August 23, 2024. [Dkt. 1]

2. Defendant was ostensibly served with process on January 18, 2025. [Dkt.18]

3. Defendant has just retained counsel and is about to start to negotiate with Plaintiff for potential settlement discussions. As the Defendant's Counsel just contacted the Plaintiff and needs more time to review the relevant documents, including Plaintiff's evidence regarding Defendant in the case, Defendant requires a short additional time to answer to the Complaint. Defendant submits that an extension will not materially prejudice Plaintiff and will help avoid unnecessary substantive motion practice.

4. The Defendant needs additional time to try and reach a final agreement, or if not,

5. This Court may, for good cause, extend the time by which Defendant's answer is due after the time has expired if the defendants failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "Under Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), citing, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); See, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), citing, C.K.S. Eng'rs, Inc. v. White Case: 1:23-cv-04608 Document #: 55 Filed: 10/25/23 Page 1 of 2 Page ID #:2731 Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); See also, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendant's motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

6. Defendant respectfully moves this Court to extend the date from the date of this filing of 30 days, if ultimately necessary, to June 12, 2025.

7. This motion has been filed in good faith and is not interposed for purposes of delay.

8. This is the first motion for an extension filed by Defendant in this case.

9. On May 12, 2025, Defendant requested whether Plaintiff would oppose an extension of time. At the filling of this motion, Plaintiff has not expressed whether it does.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests this Honorable Court enter an Order:

2

    **a)** Extending the date on which Defendant's answer to Plaintiff's Complaint is due to June 12, 2025.

Dated: May 12, 2025                                          Respectfully submitted,

                                                            */s/ Ni Xue*
                                                            Ni Xue, Esq.
                                                            Kemet Law Group
                                                            1825 NW Corporate Blvd., Suite 110
                                                           Boca Raton, FL 33431
                                                           Tel.: (561) 870-0605
                                                           Email: nixuesydney@gmail.com，
                                                                      ni@kemetlawgroup.com

                                                           *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Motion was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on May 13, 2025.

/s/ Ni Xue